IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN BROWN, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | 25-CV-6381 |
| | : | |
| DELAWARE COUNTY | : | |
| SHERIFF'S DEPARTMENT, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**BARTLE, J.**                                                                                                                     **JANUARY 15, 2026**

Stephen Brown asserts civil rights claims pursuant to 42 U.S.C. § 1983 based on an alleged illegal arrest, detention, and assault. For the following reasons, the Court will grant Brown leave to proceed *in forma pauperis* and dismiss his Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   FACTUAL ALLEGATIONS[1]

Brown asserts constitutional claims against the Delaware County Sheriff's Department and unidentified "sheriff deputies, correctional facility officials, and supervisory officials." (ECF No. 16 at 2-3.) His facts are brief. He alleges that he was "seized without lawful probable cause" on January 21, 2022 and subsequently "placed on court-ordered house arrest from February 2022 through July 2022." (*Id.* at 3.) Later, in November of 2022, Brown was allegedly

---

[1] The factual allegations set forth in this Memorandum are taken from Brown's Amended Complaint. (ECF No. 16.) His Amended Complaint, which was permitted by Federal Rule of Civil Procedure 15(a)(1), superseded his initial Complaint and became the operative pleading subject to the Court's screening under 28 U.S.C. § 1915(e)(2)(B). *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (explaining that "an amended pleading supersedes the original pleading and renders the original pleading a nullity" and that "the most recently filed amended complaint becomes the operative pleading"). The Court adopts the sequential pagination assigned to the Amended Complaint by the CM/ECF docketing system.

"assaulted" by "sheriff deputies," who used a taser on Brown and ultimately transported him to a hospital. (*Id*.) Brown was detained for approximately one and a half weeks instead of being "presented before a judge within forty-eight hours" and allegedly endured "unsanitary jail conditions, inadequate food, [and] degrading treatment" during his time in detention. (*Id*.) Based on these allegations, Brown asserts Fourth Amendment claims based on his arrests and the assault, Fourteenth Amendment claims based on his "delayed judicial presentment and prolonged supervision," constitutional claims based on the conditions of his confinement, and a municipal liability claim. (*Id*. at 3.) He seeks money damages. (*Id*. at 4.)

## II.     STANDARD OF REVIEW

Because Brown appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* amended complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the amended complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss an amended complaint

based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.   DISCUSSION

Brown asserts constitutional claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. Based on the allegations in the Amended Complaint, Brown's § 1983 claims are time barred. *See Whitenight v. Cmwlth. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)). Section 1983 claims, such as those brought by Brown, are subject to the state statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Pennsylvania, that limitations period is two years. *See* 42 Pa. Cons. Stat. § 5524. *Monell* claims are also subject to a two-year statute of limitations. *Buelna v. City of Philadelphia*, No. 01-5114, 2002 WL 531538, at *2 (E.D. Pa. Apr. 8, 2002); *see also Bullock v. Borough of Roselle*, No. 17-13208, 2018 WL 4179481, at *8 (D.N.J. Aug. 31, 2018) (noting that *Monell* claims are "subject to the same two-year statute of limitations as the underlying § 1983 tort"). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of

3

the injury upon which [his] action is based." *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

Brown's Fourth Amendment claims accrued when he was arrested, detained, and subjected to excessive force. *See Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*) (noting that false arrest and imprisonment claims begin to run at the time the plaintiff was "detained pursuant to legal process"); *see also LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include LeBlanc's excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury."). Brown's Fourteenth Amendment due process claims accrued, at the latest, when he was detained and not presented to a judge for over a week in November 2022. *See Smith v. Delaware Cty. Court*, 260 F. App'x 454, 455 (3d Cir. 2008) (*per curiam*) (applying Pennsylvania's two-year statutory period to plaintiff's claim that he was denied due process after his arrest and noting that the statute of limitations begins to run from the time when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action). Finally, Brown's conditions-of-confinement claims accrued when he was detained for a week and a half in November 2022. *See Davis v. City of Phila.*, No. 23-4841, 2024 WL 2817556, at *4 (E.D. Pa. June 3, 2024) (holding that claim based on unconstitutional conditions of confinement accrued at the time of confinement because the plaintiff "knew or should have known of any possible constitutional injury" at that time), *aff'd*, No. 24-2028, 2024 WL 4164270 (3d Cir. Sept. 12, 2024).

Brown states that he was arrested in January 2022 and November 2022 and assaulted and detained without due process in November 2022. Thus, he was required to bring his claims by November 2024, at the latest. Since Brown did not file this lawsuit until November 6, 2025,

4

nearly a year after the statute of limitations expired, it is apparent from the face of his Amended Complaint that his claims must be dismissed as time barred.[2]

IV.   **CONCLUSION**

For the foregoing reasons, the Court will dismiss the Amended Complaint as time barred. Since Brown cannot cure the fact that his case is untimely, he will not be given leave to amend.

A final order follows.

---

[2] Moreover, there are no allegations in the Amended Complaint that would support a basis for equitable tolling of the claims. *See Lloyd*, 857 F. App'x at 64 (stating that equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted his claims, but in the wrong forum).